NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CAROLYN MARIE JONES,<br><br>Defendant - Appellant. | No. 24-4952<br><br>D.C. No.<br>2:13-cr-00698-MWF-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted May 20, 2025[**]
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Carolyn Marie Jones appeals from the district court's judgment revoking her supervised release and sentencing her to nine months in custody, followed by 31 months of supervised release. We have jurisdiction under 18 U.S.C. § 3742(a). We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm in part, vacate in part, and remand.

1. Any error resulting from the admission of the loan application overview printout in Exhibit 18 was "harmless beyond a reasonable doubt." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). The Government relied on that loan application overview to establish a single fact: that Jones applied for the loan to pay for home improvements. But the unchallenged portion of Exhibit 18, the loan agreement, contains sufficient evidence of that fact to support the district court's finding as to Allegation Eleven. Thus, "even if the hearsay evidence [in the loan application overview] should not have been admitted, any error was harmless." *United States v. Hall*, 419 F.3d 980, 987 n.5 (9th Cir. 2005).

2. Because Jones did not object to the admission of Exhibits 26 and 27 at the revocation hearing, she did not preserve her due-process challenge to those exhibits. *See United States v. Saini*, 23 F.4th 1155, 1166 n.13 (9th Cir. 2022). Their admission was not plain error. *See United States v. Simmons*, 812 F.2d 561, 564–65 (9th Cir. 1987). Even if Jones's interest in cross-examining the declarants of Exhibits 26 and 27 outweighs the Government's interest in not putting those declarants on the stand, *United States v. Perez*, 526 F.3d 543, 548–49 (9th Cir. 2008), the resulting due-process violation from the exhibits' admission was not "clear or obvious." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

3. Sufficient evidence supports the district court's finding as to Allegation Six.

A rational trier of fact could have found, by a preponderance of the evidence, *see United States v. Richards*, 52 F.4th 879, 888 (9th Cir. 2022) (quoting *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010)), that Jones's substantial withdrawal from a 401(k) account constituted "any material change in [Jones's] economic circumstances that might affect [her] ability to pay . . . restitution." Though the total amount of Jones's savings subject to use for restitution did not immediately change, the new liquidity of the cashed-out funds "might affect" her capacity to pay restitution by enabling greater spending on personal expenses. And given the evidence of Jones's communication with the Probation Office about her finances over email, a rational factfinder could have concluded that Jones knew she could and must report the cashed-out funds by email, even if the online reporting system did not provide a way to report that information. *See United States v. Napulou*, 593 F.3d 1041, 1045 (9th Cir. 2010) (explaining that conditions of supervised release are presumed to require a knowing violation).

4. Sufficient evidence also supports the district court's finding as to Allegation Eight. A rational trier of fact could have found, by a preponderance of the evidence, that Jones submitted an "untruthful and/or incomplete written supervision report[] for the month of November 2023." *See Richards*, 52 F.4th at 888. It is reasonable to conclude that Jones's receipt of a personal check in the amount of $1,098 from her daughter was material income information and that her failure to report the check

was intentional.

5. The district court plainly erred by reimposing Standard Conditions Five, Six, and Fourteen, which we held unconstitutionally vague in *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018). We therefore vacate those conditions and remand for the district court to revise them. *See United States v. Magdirila*, 962 F.3d 1152, 1158–59 (9th Cir. 2020).

**AFFIRMED in part; VACATED in part; and REMANDED.**

24-4952